UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> MELVIN TREMAYNE MAHONE, JR., <br>     Defendant. | CRIMINAL NO. 17-52-KKC <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Melvin Tremayne Mahone Jr.'s motion (DE 31) to revoke the magistrate judge's detention order. For the following reasons, the Court will deny the motion.

Mahone is charged with two criminal charges relating to the distribution of heroin, and fentanyl, including one charge of conspiring with his mother to distribute these drugs. The government moved that he be detained pending trial. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant must be detained pending trial if, after a hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure his appearance and public safety. Pursuant to 18 U.S.C. § 3142(e)(3), for any defendant charged with the crimes at issue here, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the public safety or that the defendant will meet his appearance obligations. There is no dispute that the presumption applies in this case.

After a detention hearing, the magistrate judge determined that Mahone rebutted the presumption as to his willingness to meet his appearance obligations and as to the danger he posed to the community. Nevertheless, the magistrate judge determined that a

consideration of the factors under 18 U.S.C. § 3142(g) required Mahone's detention pending trial because no conditions of release could reasonably assure either his appearance as required or the community's safety.

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not specifically require that this Court conduct an additional hearing. In his motion, Mahone does not request a hearing and he does not rely on or explain any additional evidence that he would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the audio recording of the detention hearing, the indictment, the pretrial report prepared by the United States Probation Office, and the pleadings submitted by the parties.

Once the presumption of detention is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id*. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*

The Court will assume, as the magistrate judge found, that Mahone rebutted the detention presumption. The Court finds detention nonetheless required under §3142(g). In

making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense involves a controlled substance or firearms; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

Mahone is charged with very serious offenses, including the distribution of heroin and fentanyl, a particularly lethal drug that has led to multiple deaths in this district alone. Moreover, Mahone is charged with possessing and using firearms during these offenses, including a semi-automatic rifle and a short-barreled shotgun. If found guilty of these offenses, Mahone faces a mandatory minimum prison term of 20 years – a mandatory 10 years each on two of the gun charges – and a potential life sentence. At the time of his arrest, officers found 60 grams of a substance containing the heroin/fentanyl mix on him and multiple firearms in the residence.

He has been unemployed since August 2016, has limited ties to Kentucky, and concedes a history of substance abuse, including a daily heroin habit until October 2016. The Court recognizes that Mahone has made required court appearances while released on the related state charges. Nevertheless, he admitted to the U.S. probation officer that he used marijuana daily until one month ago. This clearly violates the terms of his state bond. Further, the 20-year minimum and potential life term at issue on these federal charges certainly increases the flight risk. Further, Mahone has a lengthy history of failing to appear and ignoring court-imposed conditions in various other state-court proceedings since 2007. In fact, he has had 13 bench warrants issued for his arrest. Further, he has a prior federal felony drug conviction and committed various offenses while on supervised release for that conviction.

The Court finds that the government has proved by clear and convincing evidence

that no condition or combination of conditions could reasonably assure that Mahone will meet his appearance obligations or assure the community's safety if he is not detained. Considering the serious nature of the charges against Mahone, his history of unemployment and lack of substantial ties to the community, the significant danger posed by controlled substances and the particular danger posed by fentanyl and the firearms at issue here, Mahone's history of drug abuse and trafficking, and Mahone's willingness to violate court-imposed conditions and his history of failing to meet his appearance obligations in other cases, the Court finds that Mahone must be detained. This conclusion is consistent with that of the magistrate judge and the United States Probation Office.

Accordingly, the Court hereby ORDERS that Mahone's motion to revoke or amendment the magistrate judge's detention order (DE 31) is DENIED.

Dated June 26, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY