UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:17-CR-52-KKC-EBA-1
(Related Civil Action No. 5:18-CV-626-KKC-EBA)

UNITED STATES OF AMERICA,                    PLAINTIFF/RESPONDENT,

V.            **RECOMMENDED DISPOSITION**

MELVIN TREMAYNE MAHONE, JR.,               DEFENDANT/PETITIONER.

*** *** *** *** ***

**I.**

On March 21, 2018, Melvin Tremayne Mahone, Jr. pled guilty to possession with intent to distribute 40 grams or more of a mixture or substance containing heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). [R. 39; 99]. On June 26, 2018, he was sentenced to a total term of 180 months imprisonment to run concurrently with any state court sentence imposed in Fayette County, Kentucky (Circuit Case No. 16-CR-1146-003). [R. 113; 115]. He did not appeal. On November 27, 2018, Mahone timely filed a Motion to Vacate, challenging his conviction pursuant to 28 U.S.C. § 2255. [R. 119]. He also filed a Motion for Addendum, seeking relief under the First Step Act, on January 8, 2019. [R. 124].

In the § 2255 motion, the petitioner brings forth an ineffective assistance of counsel claim, attacking the sufficiency of his § 924(c) conviction and arguing that his attorney was deficient in failing to discover the alleged insufficient factual basis to support the conviction. The United States submitted a response in opposition. [R. 129]. Mahone did not file a reply.

1

Upon full review, and in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned recommends that Mahone's requested relief under § 2255 [R. 119], and under the First Step Act of 2018 [R. 124], be denied.

## II.

Mahone brings this Motion to Vacate under 28 U.S.C. § 2255. Section 2255 provides that a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))).

A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721–22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual

assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

### III.

As with all claims *except* ineffective assistance of counsel (IAC), a federal defendant who fails to raise a claim on direct appeal procedurally defaults that claim, and he cannot raise that claim in a § 2255 motion to vacate unless he demonstrates cause and prejudice to excuse the default, or a showing of actual innocence. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Mahone's petition falls within the procedural default exception, presenting only one claim of IAC. In evaluating such a challenge, the Sixth Circuit applies the *Strickland* two-prong test. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A movant claiming ineffective assistance must prove both deficient performance and prejudice. *Strickland*, 466 U.S. at 687; *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

### Mahone's Challenge to Count 8

The petitioner's only argument is that his attorney failed to investigate and discover that there was insufficient evidence for possession of a firearm in furtherance of a drug trafficking crime under Count 8. [R. 119-1 at 7-8]. He argues that his mere presence on the premises, especially since others had lived there with him and his name was not on the lease— coupled with the fact that officers did not locate firearms on him— is insufficient to establish

4

the requisite level of guilt. Additionally, he states that he would not have entered a guilty plea had he been informed of the elements of the offense.

During the Rule 11 hearing, Mahone pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 851 for possession with intent to distribute 40 grams or more of heroin and fentanyl, and to a violation of 18 U.S.C. § 924(c)(1)(A)(i) for possession of firearms in furtherance of drug trafficking crimes. [R. 99]. The relevant portion of § 924(c)(1)(A) defines two separate offenses: the first criminalizes carrying or using a firearm during and in relation to a drug trafficking offense (the "use/carry" offense), and the second criminalizes possession of a firearm in furtherance of a drug trafficking crime (the "possession" offense). *United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004). Each offense requires different levels of proof. *Id*. First, the government must show that the "firearm was possessed to *advance or promote* the commission of the underlying [drug trafficking] offense." *Id.* at 933 (emphasis added) (quoting *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001)). Possession may be proved by both direct and circumstantial evidence, and can be either actual or constructive. *United States v. Bailey*, 553 F.3d 940, 944 (6th Cir. 2004). While actual possession occurs when " 'a person … knowingly has direct physical control over a thing at a given time[,]'… '[c]onstructive possession exists when a person does not have actual possession but instead *knowingly* has the power and the *intention* at a given time to exercise dominion and control over an object, either directly or through others.' " *Id.* (quoting *United States v. Frederick*, 406 F.3d 754, 765 (6th Cir. 2005); *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.), *cert. denied*, 414 U.S. 866 (1973)).

Additionally, the government must show there to be "a specific nexus between the [possession of] the gun and the crime charged." *Mackey*, 265 F.3d at 462. Therefore, to establish Mahone's guilt under § 924(c)(1)(A), it was incumbent that the government prove

5

three essential elements: (1) possession of a firearm; (2) commission of a drug trafficking offense; and (3) a specific nexus between that possession and the relevant drug trafficking offense.

Here, Mahone's argument fails because it is conclusory, failing to present any evidence that would demonstrate that he was uninformed of the factual basis for a conviction under § 924(c)(1)(A). *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (noting the Sixth Circuit's acknowledgement that conclusory statements are insufficient to warrant § 2255 relief). In fact, here there can be little doubt as to the sufficiency of the factual basis for the § 924(c) plea. The government was prepared to present evidence that on October 20, 2016, law enforcement agents executed a search warrant on Mahone's shared residence and found a loaded .22 caliber semi-automatic rifle and .38 revolver in "close proximity" to the petitioner. [R. 101 at 2-3, ¶ 3(b)]. Agents also found a 12-gauge sawed-off shotgun inside closed kitchen cabinets. [*Id.*]. While Mahone denied knowledge and constructive possession of this sawed-off shotgun, he admitted knowledge and possession of the .22 caliber rifle and .38 caliber revolver. [*Id.*].

These same facts, recounted in paragraph 3 of the plea agreement, were recounted to the Court at the change of plea hearing:

> [THE GOVERNMENT]: I think it's important to reflect a certain set of facts, Your Honor. In this matter a search of the residence on a search warrant yielded a revolver in the back room where the defendant was located. In a side room was a .22 caliber rifle. Both were seized, and both were within proximity of the defendant. In kitchen cabinets away from the defendant and not strategically located for use was a sawed-off shotgun. Mr. Mahone admits acknowledge of and constructive possession of the revolver and the .22 caliber rifle, but denies knowledge or constructive possession of the sawed-off shotgun.
> …

>By signing this plea agreement, as well as the supplement, Mr. Mahone indicates he understands all of both documents. And no other promises have been made to him, and his plea is free and voluntary, Your Honor.
>
>THE COURT: In signing this plea agreement and coming today before this Court under oath, do you admit the conduct attributed to you in paragraph 3 of this plea agreement?
>
>DEFENDANT MAHONE: Yes, ma'am.

[R. 128 at 11-13].

The hearing also evidences Mahone's explicit acknowledgement to having consulted with his attorney regarding the plea agreement, and understanding all elements of the offense. [*Id.* at 17]. In addition, the Court reminded Mahone of his constitutional right to a jury trial in which the government would hold the burden throughout the entire proceeding, and would be required to prove his guilt beyond a reasonable doubt. [*Id.*] ("[Your attorney] would represent you, and you'd see and hear all of the evidence against you. … Because the burden remains on the government from beginning to end, you wouldn't have to do anything to prove you're innocent[.]"). In spite of this, Mahone chose not to go to trial; the Court found that the plea was knowing and competently entered, and that Mahone had accepted all consequences of the plea. [*Id.* at 18].

Moreover, the factual record before the Court demonstrates that the government could prove that Mahone possessed firearms with the goal of furthering drug trafficking. Mahone's mere arguments to the contrary— without more— are unconvincing, for he raises no facts in his motion that would make the Court question his attorney's performance during his representation, nor his own lack of knowledge of the elements of the offense. In fact, though he states that others had lived at the house with him, and that no gun was found on him, these are of no consequence. "Possession may rise to the level of being 'in furtherance of' a drug

7

crime if the firearm is strategically located for quick and easy use." *United States v. Johnson*, 49 Fed.Appx. 114, 120 (6th Cir. 2002). In other words, constructive possession is enough. *See e.g., Bailey*, 553 F.3d at 943-45. In finding a nexus, a court considers the following factors: "(1) whether the firearm was loaded, (2) the type of firearm, (3) the legality of its possession, (4) the type of drug activity conducted, and (5) the time and circumstances under which the firearm was found." *Id.* (citing *United States v. Ceballos-Torres,* 218 F.3d 409, 414-15 (5th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001)).

The location of the guns at the residence, Mahone's admission to constructive possession of the .38 caliber revolver and .22 rifle, which were loaded and readily capable of being fired, and his statements at the Rule 11 hearing are difficult to ignore. A jury could have easily inferred from the evidence that the firearms seized were indeed possessed in connection to drug trafficking. *See e.g., United States v. Castanol*, 543 F.3d 826, 838 (6th Cir. 2008) (finding that a crime of drug trafficking "provide[s] a basis for the jury to conclude that [the defendant] had a powerful motive to protect himself"). No further showing need have been made.

Because Mahone fails to establish deficient performance, and fails to show any absence of knowledge of the elements of the offense, his IAC challenge fails.

**IV.**

In addition to his challenge under § 2255, the petitioner has filed a motion for addendum, requesting that the Court review his sentence to determine if he is entitled to any relief under § 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [R. 124]. The First Step Act became effective on December 21, 2018— roughly six (6) months after Mahone was sentenced. [R. 113]. The government argues that Mahone is unable to receive any relief pursuant to the First Step Act because he only pled guilty to a single § 924(c)

offense, and therefore it is not a second or subsequent § 924(c) offense. Moreover, that even if Mahone had a prior § 924(c) conviction, relief only applies to those defendants that are sentenced *after* December 21, 2018, and that the enactment is not retroactive. The Government is correct. The clarification to Section 403 provides:

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018).

The government correctly argues that Mahone is not eligible for a sentence reduction under § 403 of the First Step Act because his sentence was not enhanced based on a second or subsequent § 924 (c) conviction, and because this provision is not retroactive. [R. 129 at 6-7]. The Sixth Circuit, in considering a different provision of the act, determined that "the First Step Act is largely forward-looking and not retroactive." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *see also Richmond v. Burnhart*, No. 6:19-CV-064-REW, 2019 WL 2127304, at *3 (E.D. Ky. May 15, 2019) ("the amendment [to § 924(c)(1)(C) in § 403 of the First Step Act] is not retroactive"). In fact, it is evident from the language of § 403 that relief under this section is applicable only to those offenses committed *before* the Act's December 21, 2018, enactment date "if a sentence for the offense has not been imposed" as of that date. Moreover, it is clear that § 403 is also intended to apply only to those defendants that received an enhanced sentence based on a prior or successive § 924(c) offense.

9

In the present case, Mahone was sentenced on June 26, 2018– roughly six months before the First Step Act went into effect, and he was only sentenced on one § 924(c) conviction. Therefore, section 403 is inapplicable and has no effect on his sentence. It is thus recommended that the Court also deny this motion [R. 124], finding that Mahone is not entitled to relief under the First Step Act, as discussed above.

## V.

Lastly, Mahone requests an evidentiary hearing in order to further investigate the factual matters he challenges here, and allow him the "opportunity to conduct discovery in conjunction with [these] claims." [R. 119-1 at 2]. However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, the briefs on Mahone's § 2255 motion, along with the record in this case, conclusively show that he is not entitled to the relief he seeks. Accordingly, no evidentiary hearing is required, and it will be recommended that his request be denied.

## VI.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28 U.S.C. § 2253(c)(2). In cases where a district court has rejected a petitioner's constitutional claims on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Mahone's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 327. Accordingly, it also will be recommended that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

## VII.

For the reasons stated above, IT IS RECOMMENDED that:

(1) Melvin Tremayne Mahone, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [R. 119], including his request for an evidentiary hearing, and Motion for Addendum [R. 124], be denied;

(2) a Certificate of Appealability be denied by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3) Judgment in favor of the United States be entered contemporaneously with the Court's entry of its final order; and

(4) this action be stricken from the Court's active docket.

\* \* \* \* \*

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380

(6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

This the 25th day of October, 2019.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge