UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MELVIN TREMAYNE MAHONE, JR.,<br><br>    Defendant. | CRIMINAL NO. 5:17-cr-52-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

Defendant Melvin Tremayne Mahone Jr. moves (DE 136) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 136). With the motion, Mahone asks that the Court sentence him to home confinement.

To the extent that Mahone asks that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

To the extent that Mahone requests that the Court order his compassionate release from prison, the Court cannot grant that relief at this time either. Mahone pleaded guilty to two charges: possessing heroin and fentanyl with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and possessing firearms in furtherance of drug-trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). (DE 115, Judgment.) By judgment dated June 26, 2018, the Court sentenced him to 120 months on the distribution charge and 60 months on the firearms charge to be served consecutively for a total term of 180 months. (DE 115,

Judgment.) He is currently incarcerated at FCI Manchester, and his projected release date is December 29, 2029.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The government concedes the condition has been met here. Accordingly, the Court may consider Mahone's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

Mahone, however, does not set forth any circumstances that the Court could find extraordinary and compelling. Even assuming such circumstances existed, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Mahone's sentencing and has reconsidered them for this motion. Mahone was convicted of a serious drug offense involving a large amount of heroin and firearms, including a sawed-off shotgun. He still has more than eight years left on the sentence that the Court imposed. Mahone had a significant criminal history prior to this charge, including a prior federal drug charge. The Court commends Mahone on the steps he states he has taken while incarcerated to improve himself. Nevertheless, considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Mahone's sentencing, it is not appropriate to order his release at this time.

Accordingly, the Court **HEREBY ORDERS** that Mahone's motion for compassionate release (DE 136) is DENIED.

Dated February 22, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY